# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **JEREMY J. QUINN, JR.,** | CASE NO. 3:22 CV 663 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **DAVE YOST, et al.,** | |
| | **MEMORANDUM OPINION AND** |
| Defendants. | **ORDER** |

### INTRODUCTION

*Pro se* Plaintiff Jeremy J. Quinn, Jr., an inmate in the Toledo Correctional Institution, filed a civil rights action under 42 U.S.C. § 1983 to challenge his 2005 conviction in Lucas County on six counts of rape and one count of kidnapping. Specifically, Plaintiff claimed he was denied DNA testing of the victim's vaginal swab taken with the rape kit at the hospital immediately after the assault. He brought this action against the Ohio Attorney General David Yost and Lucas County Prosecutor Julia Bates claiming the failure to test the swab or allow to post-conviction testing denied him due process and equal protection. He sought a declaration that his rights were violated and an order requiring the State of Ohio to conduct DNA testing on the swab.

On July 26, 2022, this Court dismissed Plaintiff's case on the basis that it was an improper collateral attack on Plaintiff's conviction, barred by the *Rooker-Feldman* doctrine, and barred by *res judicata*. (Doc. 6). Currently pending before the Court are Plaintiff's "Written Objection" (Doc. 8) and "Motion to Amend Written Objection" (Doc. 9), which the Court

construes as a Motion to Alter or Amend under Federal Civil Rule 59.[1] For the reasons discussed below, Plaintiff's Motion is denied.

## STANDARD OF REVIEW

"A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). "A motion under Rule 59(e) is not an opportunity to re-argue a case. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citation omitted). It is also well-established in the Sixth Circuit that a Rule 59(e) motion is "not a substitute for appeal and does not allow the unhappy litigant to reargue the case." *Bollenbacher v. Comm'r of Soc. Sec.*, 621 F. Supp. 2d 497, 501 (N.D. Ohio 2008) (discussing Rule 59(e)).

## DISCUSSION

Plaintiff contends this Court erred in dismissing his Complaint, citing *Skinner v. Switzer*, 562 U.S. 521 (2011). He asserts he is not attacking the judgment of a state court, but rather is arguing the state court's "construction [of the DNA testing statute] violates [his] Equal Protection and Due Process rights." (Doc. 8, at 2). He contends the state's "construction of the D.N.A. application and [its] Revised Code continue[s] to deny a 'qualified person' for DNA testing . . . Due Process of Law and Equal Protection of the Law." *Id.* at 4; *see also* Doc. 9 ("Plaintiff . . is NOT relitigating or trying to relitigate a matter that was already decided by a state court."). Plaintiff asserts the testing is necessary to establish his innocence of the rape for which he was convicted.

---

1. Plaintiff also subsequently filed a Notice of Appeal to the Sixth Circuit. *See* Doc. 10.

Plaintiff is correct that *Skinner v. Switzer*, 562 U.S. 521 (2011) held that there is federal court subject-matter jurisdiction and that a constitutional claim regarding DNA testing may be cognizable under 42 U.S.C. § 1983 and not barred by *Rooker-Feldman*. This was so in *Skinner* because the plaintiff "[did] not challenge the adverse [Texas Court of Criminal Appeals] decisions themselves; instead he target[ed] as unconstitutional the Texas statute they authoritatively construed." *Id.* at 532. In a footnote, the *Skinner* Court noted that "questions of preclusion unresolved below are 'best left for full airing and decision on remand[.]'" *Id.* at 533 n.11 (quoting *Lance v. Dennis*, 546 U.S. 459, 467 (2006) (Ginsburg, J., concurring)).

Plaintiff contends his case fits within the parameters of *Skinner* because he is arguing the state court's application of its DNA testing statute violates his constitutional rights. Even if this is so[2], Plaintiff's claims remain barred by *res judicata* as the Court previously determined.

This Court must "give the same preclusive effect to a state-court judgment as another court of that State would give." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) (internal citation and quotation omitted). Under Ohio law, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of" the same "transaction or occurrence." *Grava v. Parkman Twp.*, 653 N.E.2d 226, 229 (1995). Claim preclusion under Ohio law requires (1) a prior decision and (2) a second action between the same parties (3) that involves claims that were or could have been litigated, and (4) that arise out of the

---

2. Plaintiff repeatedly asserts he "qualifies" for DNA testing and that denying him that testing violates "Equal Protection and Due Process of Law". *See* Doc. 8, at 4, Doc. 9, at 1; *see also* Doc. 1, at 2. But "the Supreme Court held in *Osborne* that there is no freestanding substantive due process right to DNA testing." *In re Smith*, 349 F. App'x 12, 15 (6th Cir. 2009). And Plaintiff's allegations are conclusory in nature. He has provided no factual details regarding how his due process rights have been violated, nor has he described how he has been treated differently from others who are similarly situated. *See Bannum, Inc. v. City of Louisville*, 958 F.2d 1354, 1359-60 (6th Cir. 1992); *Dell v. O'Hare*, 2015 WL 5063267, at *3 (E.D. Mich.) (dismissing equal protection claim on initial screen where plaintiff provided no factual support for the claim and failed to show how he had been treated differently from others similarly situated).

same "transaction or occurrence" as the first lawsuit. *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997).

The state appellate court affirmed the denial of Plaintiff's second application for DNA testing:

> "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus. Because Quinn's current application for DNA testing concerns the same item at issue as his first application, i.e. seminal fluid taken from the victim's vaginal vault, we find that it was properly denied by the trial court on res judicata grounds. *Accord*, *State v. Caulley*, 10th Dist. Franklin No. 09AP-172, 2009-Ohio-5801, ¶ 13-14 ("To the extent defendant's instant request for additional DNA testing concerns items at issue in *Caulley III*, this court has determined his request is without merit, and it is thus barred by res judicata.") *See also State v. Foster*, 10th Dist. Franklin No. 17AP-106, 2017-Ohio-5820 (Applying res judicata to reject defendant's application for DNA testing of the same items – a knife and a screw driver – at issue in defendant's previous application).

*State v. Quinn*, 2018-Ohio-4536, ¶ 9 (Ohio Ct. App.). Further, the Court explained that even if the second application under its consideration was not precluded, Plaintiff was not entitled to the testing because, pursuant to Ohio Revised Code § 2953.74(C)(3), his identity as the perpetrator was not at issue:

> Quinn misstates the evidence in this case. He claims that semen of "an unknown man was found inside [the victim's] vagina" and "the semen inside [the victim] shows she engaged in sex with someone else on July 18, 2005." There is no evidence of "an unknown man," and the only seminal fluid identified in this case belonged to Quinn. Moreover, the issue at trial was whether Quinn raped the victim. The victim testified that he did; Quinn testified that their sexual activity was consensual. Thus, Quinn's identity as the perpetrator was not at issue in the case, and therefore, he could not show that R.C. 2953.74(C)(3) applied. *Accord State v. Williamson*, 8th Dist. Cuyahoga No. 106480, 2018-Ohio-2226, ¶ 11. ("Even if DNA from another person was found, [the defendant] would not be completely exonerated because the victim testified he raped her over 40 times. Williamson's identity was not at issue; he denied raping the victim and was convicted of 12 counts of rape."). *See also State v. Madden*, 10th Dist. Franklin No. 08AP-172, 2008-Ohio-2653, ¶ 11 ("In this case, however, the identity of the victim's perpetrator was not at issue, but, rather, whether appellant had, in fact,

4

committed the crimes of which he was accused."). For all of these reasons, we find Quinn's first and second assignments of error not well-taken.

*Id.* at ¶ 16.

Because the issue Plaintiff seeks to raise here regarding his entitlement to DNA testing was or could have been litigated in these prior proceedings, he is barred by *res judicata* from raising that claim here. *See Cobbs v. Chiapete*, 770 F. App'x 282, 283 (7th Cir. 2019) ("Cobbs litigated and lost in state court; the doctrine of claim preclusion (res judicata) blocks this federal suit even though Cobbs has attempted to recast his theory on constitutional grounds. It is enough for now to say that ordinary principles of claim preclusion prevent Cobbs from using § 1983 to obtain a second opinion on the question of whether Wis. Stat. § 974.07 entitles him to have evidence tested for DNA.").

## CONCLUSION

For the foregoing reasons, good cause appearing it is

ORDERED that Plaintiff's Written Objection (Doc. 8) and Motion to Amend Written Objection (Doc. 9), construed together as a Motion to Alter or Amend, be, and the same hereby are, DENIED; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE